IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06cr250-8

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| MICHELLE GOSSETT. ) | |
| ) | |

**THIS CAUSE** came on to be heard and was heard before the undersigned, pursuant to a Motion to Withdraw (#192) filed by the defendant's attorney, Janna D. Allison requesting permission to withdraw as counsel for the defendant. In the motion, Ms. Allison states, "that counsel discussed a plea offer with Defendant and Defendant requested that counsel withdraw as her attorney; that defendant has told counsel that she does not want counsel to represent her anymore". Upon the call of this matter on for hearing, it appeared that the defendant was present, that her attorney, Janna D. Allison was present, and that the Government was represented by Assistant United States Attorney, Donald Gast, and from the statements of Ms. Allison and the statements of the defendant, the court makes the following findings:

**Findings**: Ms. Allison advised that shortly after being appointed to represent the defendant, Ms. Allison had presented a plea agreement to the defendant. She and the defendant discussed the plea offer and the defendant advised that she was going to sign the agreement. Thereafter, Ms. Allison made arrangements for the defendant to meet with two Drug Enforcement Agency Agents in regard to the case. After the meeting, Ms. Allison received a telephone message from the defendant stating that the defendant was not going to sign the plea agreement and that it was the opinion of the defendant that Ms. Allison was not honest and the defendant did not want Ms. Allison to represent her further. Upon inquiry by the court, Ms. Allison advised that it was her

opinion there was no basis for the contention of the defendant that Ms. Allison was not providing good and adequate representation for the defendant.

The defendant stated she did not want to meet with the Drug Enforcement Agents; that she did not know of any information that she could give the agents and she did not know what the case was about. She further stated Ms. Allison had presented to her an arrangement whereby the defendant might be allowed to plead guilty to a misdemeanor or based upon another arrangement based upon the plea of guilty she might receive an active sentence of ten months. The defendant stated the plea agreement did not set forth what sentence the defendant would receive and from what the defendant had read in the plea agreement the plea agreement provided that her counsel would not be present; and it was requiring her to plead guilty to crimes that she had not committed.

Upon inquiry, the court found that this matter was set for trial during the week of January 8, 2007 which would be six business days from December 27, 2006 the date of the hearing of the motion, and no more than eleven days which included weekends.

**Discussion**: An indigent defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. United States v Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not the motion for substitution of counsel should be granted is within the discretion of the trial court and the court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v Slappy, 461 U. S. 1 (1983). Considering the motion herein, the undersigned has considered the following factors: timeliness of the motion; inquiry as to the reasons why the defendant does not wish Ms. Allison to represent her further; and, whether or not there is such a conflict between the defendant and Ms. Allison that is so great that it has resulted in a total lack of communication preventing an adequate

2

defense. United States v Gallop, 838 F.2d 105 (4th Cir. 1988).

Although the motion in this matter was filed on December 13th, it could not be heard until December 27th. At the time of the hearing of the motion, there was only six business days that remain prior to the trial of this matter which is scheduled for January 8, 2007. Considering all days, including weekends and holidays, there are eleven days. It is the opinion of the undersigned there is not sufficient time within which to appoint another attorney and for that attorney to be prepared for the trial of this matter by January 8th. Even if the motion had been heard on December 13th, the date of the filing of the motion, there would have been less than three weeks considering holidays within for an attorney to become prepared to represent the defendant. This factor must be weighed against granting the motion.

The undersigned inquired as to the reasons for the conflict between the defendant and her attorney. After hearing from both Ms. Allison and the defendant, it appears that it is Ms. Allison's opinion that it would be in the best interest of the defendant to enter into a plea agreement. On the other hand, it is the opinion of the defendant that she wishes to plead not guilty and to try the case before a jury. Ms. Allison is of the opinion that she has been performing her job in representing the defendant and that there is no basis for the defendant's opinion that Ms. Allison is not providing good representation. This small degree of conflict must also be weighed against allowing the motion.

The court has further examined the matter to determine whether or not there is such conflict between Ms. Allison and the defendant that there is a total lack of communication between them preventing an adequate defense. At this time, it does not appear to the undersigned that such a conflict exists between Ms. Allison and the defendant that would prevent an adequate defense. Ms. Allison is an excellent attorney who works diligently on behalf of her clients. If the defendant is of

3

Case 1:06-cr-00250-MR-WCM    Document 218    Filed 12/28/06    Page 3 of 4

the opinion that she has not committed any criminal act and that she desires a trial in this case, Ms. Allison is qualified to try this case before a jury and the undersigned is of an opinion she would do a good job in doing so.

After considering all the factors, it appears that there is little time before trial within which to appoint other counsel who has the knowledge of the case that Ms. Allison possesses; that as a result of the inquiry made by the undersigned, the undersigned can find no good reason for the appointment of another attorney; and, that there does not appear to be a lack of communication between Ms. Allison and the defendant that would prevent an adequate defense.

Based upon the foregoing, the undersigned has determined to enter an order denying the Motion to Withdraw (#192).

## ORDER

IT IS HEREBY **ORDERED** that the motion of Janna D. Allison entitled, "Motion to Withdraw" (#192) is hereby **DENIED.**

Signed: December 28, 2006

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge